# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:12-CV-663-RGJ-CHL

**DAVID EUGENE MATTHEWS,**                                                              **Petitioner,**

v.

**RANDY WHITE,**                                                                         **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner David Eugene Matthews ("Matthews") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence of death. (DN 1.) This matter is referred to the undersigned for "all pretrial, non-dispositive matters and for findings of fact, conclusions, and recommendations for disposition." (DN 33.)

Matthews previously filed another petition for writ of habeas corpus challenging his conviction and sentence in this Court. DN 23, *Matthews v. Parker*, No. 3:99-cv-00091-JHM (filed Feb. 12, 1999). His prior petition was denied by the District Court as to all claims therein asserted. *Matthews v. Simpson*, 603 F. Supp. 2d 960 (W.D. Ky. 2009). On appeal, the Sixth Circuit affirmed in part and reversed in part the District Court's opinion and instructed the District Court to grant relief to Matthews. *Matthews v. Parker*, 651 F.3d 489 (6th Cir. 2011). The United States Supreme Court granted certiorari on the matter, reversed the Sixth Circuit's decision, and remanded for further proceedings consistent with its opinion. *Parker v. Matthews*, 567 U.S. 37 (2012). The Supreme Court's decision was rendered on June 11, 2012, and on October 14, 2012, Matthews filed the instant petition. (DN 1.) Subsequent to the filing of the instant petition, in February 2013, the Sixth Circuit remanded Matthews's first-in-time petition to the District Court with instructions to the District Court to enter an order denying it. DN 278, *Matthews v. Parker*, No. 3:99-cv-00091-JHM (entered Feb. 5, 2013) (Sixth Circuit Order); DN 279, *Matthews v. Parker*, No. 3:99-cv-

00091-JHM (entered Feb. 27, 2013) (Sixth Circuit Mandate). The District Court ultimately denied Matthews's first petition on April 10, 2023. DN 281, *Matthews v. Parker*, No. 3:99-cv-00091-JHM (entered Apr. 10, 2013).

Though the issue was addressed in Matthews's instant petition and Respondent's Answer, it does not appear that this Court has ever addressed whether Matthews's instant petition is a second or successive petition subject to the gatekeeping requirements of 28 U.S.C. § 2244(b) or merely a second-in-time petition. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[1] court review of second or successive habeas petitions is limited as follows:

> (b)
>> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>>
>> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>>
>>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (B)
>>>
>>>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>>>
>>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[1] Though Matthews's original conviction and sentence predate AEDPA, AEDPA nonetheless applies to his petition because both his first-in-time petition and the instant petition were filed after AEDPA's effective date. *See Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir.2003) (noting that petitions filed after the effective date of AEDPA, such as the petition here, are reviewed under AEDPA).

2

28 U.S.C. § 2244(b). Even more significantly, a petitioner who seeks to file a second or successive application must move the "appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, Congress has vested the screening function for successive petitions in the court of appeals, and this Court is without jurisdiction to consider the second or successive petition of a petitioner who has neither sought nor received authorization from the appropriate court of appeals prior to filing a petition in this Court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007). It is this jurisdictional requirement that causes the undersigned to address this issue at this stage of the case and despite the significant passage of time since this case's initial filing. It is well-established that a court has a continuing obligation to examine whether it has jurisdiction over a case. *See, e.g.*, *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) ("[T]he federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them.").

The undersigned concludes that Matthews's instant petition is a second or successive petition that this Court is at this juncture without jurisdiction to entertain.[2] Matthews's instant petition brings a claim of ineffective assistance of counsel based on his trial counsel's failure "to present readily available psychiatric testimony, from their own expert who testified at trial, to prove Matthews would not pose a danger in the future if sentenced to less than the death penalty." (DN 1, at PageID # 36.) Matthews argued that his initial-review collateral proceeding counsel was ineffective in failing to raise this argument in state postconviction proceedings and that the claim

---

[2] This Court has jurisdiction to consider *whether* Matthews's petition is second or successive such that transfer to the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), and 28 U.S.C. § 1631 is required; it simply lacks jurisdiction to adjudicate the *merits* of a second or successive petition absent the required authorization from the Sixth Circuit. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (holding that transfer to Sixth Circuit was inappropriate where district court was merely "uncertain of its jurisdiction" and had not made a finding that the petition was second or successive).

3

was unavailable to him until the United States Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), allowed him to use postconviction counsel's ineffectiveness as grounds to overcome procedural default. (DN 1, at PageID # 36.) Thus, he argued that his instant petition is not second or successive because he could not have made his instant claim prior to that ruling by the Supreme Court. (*Id.* at 41-46.) This circumstance is directly addressed by 28 U.S.C. § 2244(b)(2)(A), which provides that an applicant's showing that his or her "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" is one reason a second or successive habeas corpus application should not be dismissed. 28 U.S.C. § 2244(b)(2)(A). The Sixth Circuit has held that where a petitioner's claims fall within that provision, "the petition is deemed second or successive and the claims must pass through the gatekeeping strictures of that provision." *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018). Therefore, the undersigned concludes Matthews's petition is second or successive.

Though Matthews attempts to rely on a more general argument that his claim was not yet ripe or otherwise unavailable such that under the pre-AEDPA abuse-of-the-writ doctrine his claim is not successive, subsequent Sixth Circuit case law has rejected his argument. In *In re Coley*, petitioner sought to bring claims in a second or successive petition based on the Supreme Court's decision in *Hurst v. Florida*, 577 U.S. 92 (2016). *In re Coley*, 871 F.3d 455, 456-57 (6th Cir. 2017). Petitioner attempted to argue that his petition was not subject to § 2244(b). Citing the Supreme Court's decisions in *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998), and *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), the Sixth Circuit explained that there are generally only two exceptions to whether a second-in-time petition is second or successive: "where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" and "where a federal court dismissed an earlier petition because it contained exhausted and

4

unexhausted claims and in doing so never passed on the merits." *Coley*, 871 F.3d at 457 (citing *Stewart*, 523 U.S. at 645, and *Slack*, 529 U.S. at 485-86). It held, "What the exception *cannot* mean is what Coley claims it means: that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition." *Id.* (emphasis in original). Thus, the Sixth Circuit denied Coley's request to proceed with his petition because *Hurst* had not been made retroactive to cases on collateral review. *Id.* Matthews's argument regarding the availability of his claim is the same as made by Coley. Therefore, the undersigned finds *Coley* and *Wogenstahl*, cited above, dispositive and that Matthews's petition is second or successive and subject to the gatekeeping requirements of 28 U.S.C. § 2244.

Accordingly, having found Matthews's petition is second or successive and subject to the gatekeeping requirements of 28 U.S.C. § 2244, the undersigned **RECOMMENDS** that this matter be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d at 47, for a determination of whether Matthews should be authorized to proceed with his second or successive petition.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record    March 6, 2023

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).