UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID EUGENE MATTHEWS                                    Petitioner

v.                                                       Civil Action No. 3:12-cv-663-RGJ

RANDY WHITE, WARDEN                                      Respondent

**MEMORANDUM OPINION AND ORDER**

Petitioner David Eugene Matthews ("Matthews") objects by counsel [DE 70] to Magistrate Judge Lindsay's ("Magistrate Judge") Report and Recommendation [DE 66 ("R&R")] recommending Matthews' petition be transferred to the Sixth Circuit for determination of whether Matthews should be authorized to proceed on his second or successive petition. The Respondent, Randy White, the Warden ("Warden"), responded. [DE 71].[1] Matthews also moved to strike the Warden's response. [DE 72]. The Warden responded [DE 73] and Matthews replied [DE 74]. This matter is ripe. For the reasons below, the Court **DENIES** Matthews' Objection [DE 70], **ADOPTS** the R&R [DE 66], and **GRANTS** Matthews' Motion to Strike [DE 72].

**I.     BACKGROUND**

Matthews previously filed another petition for writ of habeas corpus challenging his conviction and sentence in this Court. DE 23, *Matthews v. Parker*, No. 3:99-cv-00091-JHM (filed Feb. 12, 1999). His prior petition was denied by the District Court as to all claims asserted. *See Matthews v. Simpson*, 603 F. Supp. 2d 960 (W.D. Ky. 2009). On appeal, the Sixth Circuit affirmed in part and reversed in part the District Court's opinion and instructed the District Court to grant relief to Matthews. *See Matthews v. Parker*, 651 F.3d 489 (6th Cir. 2011). The United States

---

[1] Respondent's briefs list Scott Jordan as the warden, not Randy White. Nevertheless, Respondent's briefs were filed under Randy White. The Court will continue to refer to the Warden as Randy White until the appropriate notice of substitution is filed.

1

Supreme Court granted certiorari on the matter, reversed the Sixth Circuit's decision, and remanded for further proceedings consistent with its opinion. *See Parker v. Matthews*, 567 U.S. 37 (2012). The Supreme Court's decision was rendered June 11, 2012. *Id.*

On October 14, 2012, Matthews filed the instant petition. [DE 1]. Matthews raised a claim that trial counsel performed ineffectively for failing "to present readily available psychiatric testimony, from their own expert who testified at trial, to prove Matthews would not pose a danger in the future if sentenced to less than the death penalty." [*Id.* at 36]. He also asserted ineffective assistance of initial-review collateral proceeding counsel for failing to raise the trial counsel ineffectiveness claim as cause to excuse the procedural default. [*Id.*]. After filing this petition, in February 2013, the Sixth Circuit remanded Matthews's first-in-time petition to the District Court with instructions to the District Court to deny it. DE 278, *Matthews v. Parker*, No. 3:99-cv-00091-JHM (entered Feb. 5, 2013) ("Sixth Circuit Order"); DN 279, *Matthews v. Parker*, No. 3:99-cv-00091-JHM (entered Feb. 27, 2013) (Sixth Circuit Mandate). The District Court ultimately denied Matthews's first petition on April 10, 2023. DE 281, *Matthews v. Parker*, No. 3:99-cv-00091-JHM (entered Apr. 10, 2013).

Pursuant to this Court's referral order, the Magistrate Judge issued an R&R on Matthews' § 2254 petition. [DE 66]. The R&R stated that although the issue was addressed the parties' briefs, the Court had not determined whether Matthews' petition is a second or successive petition subject to the gatekeeping requirements of 28 U.S.C. § 2244(b) or merely a second-in-time petition. [*Id.* at 746]. The Magistrate Judge ultimately recommended Matthews' petition be transferred to the Sixth Circuit for determination of whether Matthews should be authorized to proceed on his second or successive petition. [*Id.* at 749]. Matthews timely objected to the R&R and asked the Court to return the Petition to the Magistrate Judge to address his habeas claims on

their merits. [DE 70 at 757–58]. The Warden responded to Matthews' objection contending that the Magistrate Judge's recommendation should be adopted. [DE 71]. The Court now considers the R&R, the objections, and Matthews' motion to strike.

## II. MOTION TO STRIKE [DE 72]

Matthews moved to strike the Warden's objection arguing that the objection was seven days late. [DE 72]. Alternatively, Matthews asks for leave to reply. [*Id.* at 781]. In response, the Warden contends that his objection is timely because it responds to a nondispositive motion. [DE 73 at 788]. The Warden also concedes that he missed the 14-day deadline under Federal Rule of Civil Procedure 72(b)(2) and asks for leave to respond to Matthews' objection. [*Id.*]. The Court must consider Matthews' motion as a threshold matter.

### A. Standard

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings.[2] It provides that upon a motion made by a party, "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of the pleading on its own initiative or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)–(2). "Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored." *Hashemian v. Louisville Reg'l Airport Auth.*, No. 3:09-CV-951-R, 2013 WL 1788473, at *5 (W.D. Ky. Apr. 26, 2013) (citing *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (internal citations omitted)).

---

[2] It is this Court's practice to address motions to strike filings beyond those listed in Rule 7(a). *Masterson v. Xerox Corp.*, No. 3:13-CV-692-DJH, 2016 WL 4926439, at *5 n. 5 (W.D. Ky. Sept. 14, 2016) (citing *Pixler v. Huff*, No. 3:11-CV-00207-JHM, 2011 WL 5597327, at 16–17 (W.D. Ky. Nov. 17, 2011)).

"Striking a pleading is a drastic remedy to be resorted to only when required for purposes of justice." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F. 2d 819, 822 (6th Cir. 1953)).  The function of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

### B. Analysis

The Court reviewed the Warden's objection and the briefing around Matthews' motion to strike.  The Warden contends that his objection is governed by Rule 72(a), which would allow a 21-day response time for dispositive motions.  [DE 73 at 788–89].  Yet the R&R cites Rule 72(b)(2) and notes the 14-day objection deadline.  [DE 66 at 749 ("Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2).")].  The Warden should have been aware of the objection deadline.  As explained below, the Warden's objection would not affect the Court's outcome.  Therefore, allowing additional briefing on the Warden's objection would run counter to the purpose of a motion to strike.  *See Kennedy*, 797 F.2d at 305.  Because the Warden's objection was untimely and because allowing additional briefing would not affect the Court's outcome, Matthews' Motion to Strike [DE 72] is **GRANTED**.  The Warden's objection [DE 71] will be **STRICKEN** from the docket.

### III.   MATTHEWS' OBJECTION TO THE R&R [DE 70]

Matthews objects to the Magistrate Judge's conclusion that the habeas claim constitutes a successive habeas petition and the Magistrate Judge's failure to apply the abuse of the writ standard to determine whether the habeas petition is successive.  [DE 70 at 761].  He also objects to the

4

Magistrate Judge's ultimate recommendation that the habeas petition be transferred to the Sixth Circuit for that court to determine whether to authorize filing a successive habeas petition. [*Id.* at 762].

### A.  Standard of Review

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* 72(b)(3). The Court need not review under a de novo or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–50, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is not permitted as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court may accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

### B. Standard for Second or Successive Habeas Petitions

Pursuant to Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Sta. 1214 (1996) ("AEDPA"),[3] judicial review of second or successive habeas petitions is limited as follows:

> (b)
>> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>>
>> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (B)
>>>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>>>
>>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Even more significantly, a petitioner who seeks to file a second or successive application must move the "appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Thus, Congress has vested the screening function for successive petitions in the court of appeals, and this Court is without jurisdiction to consider the second or successive petition of a petitioner who has neither sought nor received authorization from the appropriate court of appeals before filing a petition in this Court. *Burton v.*

---

[3] Though Matthews' original conviction and sentence predate AEDPA, AEDPA nonetheless applies to his petition because both his first-in-time petition and the instant petition were filed after AEDPA's effective date. *See Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003) (noting that petitions filed after the effective date of AEDPA, such as the petition here, are reviewed under AEDPA).

*Stewart*, 549 U.S. 147, 152, 157 (2007). As the Magistrate Judge explained, it is this jurisdictional requirement that causes the Court to address this issue at this stage of the case, despite the significant passage of time since this case's initial filing. It is well-established that a court has a continuing obligation to examine whether it has jurisdiction over a case. *See, e.g.*, *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) ("[T]he federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them.").

### C. Analysis

Matthews makes three arguments in support of his objections. First, he contends that § 2244(b) is not used to determine whether a petition is successive but is, instead, used to determine whether a petition already deemed succussive may proceed. [DE 70 at 764].

The Sixth Circuit has held that "not all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir.2017) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). "The phrase 'second or successive application' is a 'term of art,' which is not self-defining.'" *Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) and *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)). District courts do not have jurisdiction to consider a second or successive petition without approval by the circuit court. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007).

Although Matthews contends that the abuse-of-the-writ doctrine should apply [DE 70 at 756], "that judge-crafted limitation on second petitions was replaced by the AEDPA." *Hanna v. Shoop*, No. 3:19-CV-231, 2019 WL 4242735 (S.D. Ohio Sept. 6, 2019). The Sixth Circuit directed courts to look for scenarios within the scope of § 2244 when determining whether a petition is second or successive. *See In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018). In any event,

Matthews' claim does not fall within any of the situations recognized under the abuse-of-the-writ doctrine as making a petition second but not second or successive.[4] He is attacking the same state court judgment of conviction, *see King v. Morgan*, 807 F.3d 154, 155–57 (6th Cir.2015); he did not previously raise this claim before a federal court, which then did not adjudicate it on the merits, *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017); and his claim was not unripe at the time he filed his initial petition because the basis of his claim had already occurred when he petitioned, *see In re Jones*, 652 F.3d 603, 604–05 (6th Cir. 2010). Here, the Magistrate Judge applied § 2244 to determine that Matthews' petition was successive. [DE 66 at 748]. Because the Magistrate Judge properly analyzed Matthews' claim using the AEDPA, the Court cannot find merit in Matthews' first argument.

Next, Matthews argues that *Martinez v. Ryan*, 566 U.S. 1 (2012) does not fall within the scope of § 2244 because it does not create a new rule of constitutional law. [DE 70 at 765]. The Magistrate Judge recommended that Matthews' claim be reviewed by the Sixth Circuit because it relies on a case law from the Supreme court that was made retroactive to cases on collateral review. [DE 66 at 748]. The Supreme Court in *Martinez* held that the ruling was equitable and not constitutional. *See* 566 U.S. at 16. Matthews' contention that the Supreme Court's ruling in *Martinez* was equitable, rather than constitutional, goes to the merits of his claim under the AEDPA. *See* 28 U.S.C. § 2244(b)(2)(A) (The claim shall be dismissed unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]"). This court has no jurisdiction to address the merits of Matthews' claim under § 2244. *See Burton*, 549 U.S. at 149. Whether

---

[4] "Under the abuse of the writ doctrine, a numerically second petition is [successive] when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

Matthews' claim is constitutional or equitable goes to the question of jurisdiction and cannot be decided by this court. Accordingly, Matthews' second argument in support of his objection must fail.

Finally, Matthews contends that the Magistrate Judge erred by relying on *Wogenstahl* and *Coley* because these cases predated the Supreme Court's decision in *Banister*. [DE 70 at 766]. Matthews mistakenly contends that *Wogenstahl* and *Banister* are irreconcilable. [*Id.* at 766–67]. Nevertheless, *Wogenstahl* recognized that not all second-in-time petitions are successive. *See* 902 F.3d at 626–27. This holding is consistent with *Banister*'s directive that "second or successive" is merely a term of art. *See* 140 S.Ct. at 1705. Even if *Wogenstahl* were wrongly decided, as Matthews suggests [DE 70 at 763 n.2], the Court cannot ignore precedent from the Sixth Circuit. In *Baugh v. Nagy*, No. 21-1844, 2022 WL 4589117, at *6 (6th Cir. Sept. 30, 2022), which was decided more than two years after *Banister*, the Sixth Circuit held that *Wogenstahl* "remains the law of our circuit." Therefore, the Court must apply *Wogenstahl* to the facts surrounding Matthews' Petition. *See id.* The Court finds that Matthews' third argument in support of his objection lacks merit.

Matthews has failed to show that the Magistrate erred in its analysis of the law or its application to Matthews' Petition. Accordingly, Matthews' objection is overruled.

### III.  CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that

1) The Court **GRANTS** Matthews' Motion to Strike [DE 72], and the Court will **STRIKE** the Warden's Objection [DE 71];

2) The Court **ADOPTS** the R&R [DE 66];

3) The Court **DENIES** Matthews' Objection [DE 70]; and

4) This matter will be **TRANSFERRED** to the Sixth Circuit.

Rebecca Grady Jennings, District Judge
United States District Court

May 18, 2023